IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMANDA MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 05-1200-CV-W-GAF |
| | ) | |
| | ) | |
| TACO BELL CORPORATION, | ) | |
| TACO BELL OF AMERICA, INC., | ) | |
| YUM! BRANDS, INC., and | ) | |
| ANGELO MADRID, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Presently before the Court is a Motion to Remand, filed pursuant to 28 U.S.C. § 1447(c) by Plaintiff, Amanda McDonald ("McDonald"). (Doc. #8). McDonald argues that this case should be remanded to the Circuit Court of Jackson County, Missouri because complete diversity of citizenship is lacking. (Doc. #9-1). Defendants, Taco Bell Corporation, Taco Bell of America, Inc., and Yum! Brands, Inc. (collectively "Defendants"), oppose this Motion, arguing that McDonald fraudulently joined Angelo Madrid ("Madrid") as a Defendant[1], and therefore complete diversity of citizenship exists. (Doc. #10-1). For the reasons set forth more completely below, McDonald's Motion is GRANTED.

**DISCUSSION**

**I.    Facts**

McDonald originally filed this lawsuit in the Circuit Court of Jackson County, Missouri,

---

[1]Madrid does not join in this Motion.

alleging that, while working at Taco Bell, she was subjected to a pattern of sexual harassment and abuse by a co-employee, Madrid. (Doc. #1, Attach. #3). McDonald alleges that her employers violated the Missouri Human Rights Act ("MHRA") and that Madrid committed the state law tort of battery. Id.

McDonald does not assert any cause of action arising under federal law. Id. The sole basis for jurisdiction alleged by Defendants is diversity of citizenship under 28 U.S.C. § 1332. (Doc. #1). Taco Bell Corporation is a California corporation, Taco Bell of America, Inc. is a Delaware Corporation, and Yum! Brands, Inc. is a North Carolina corporation. (Doc. #1, Attach. #1). McDonald and Madrid are both citizens of Missouri. Id.

Defendants argue that McDonald has alleged a battery claim against Madrid in an attempt to keep this case out of federal court and that McDonald's battery claim against Madrid is preempted by the workers' compensation laws of Missouri. (Doc. #10-1). McDonald argues that the Missouri Worker's Compensation Act, Mo. Rev. Stat. § 287.010 *et seq*. (the "Workers Compensation Act") does not bar a claim against a co-employee for an intentional tort. (Doc. #9-1).

**II.     Standard**

For a defendant to remove an action to federal court, the case must be within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction," and a federal court must therefore determine its jurisdiction as a threshold matter. Kessler v. National Enterprises, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) *quoting* Godfrey v. Pulitzer Publishing Co., 161 F.3d 1137, 1141 (8th Cir. 1998), *cert denied* 526 U.S. 1098 (1999). "As the party seeking removal and opposing remand, [defendants have] the burden of establishing federal subject matter jurisdiction." In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam) *citing* Bor-

2

Case 4:05-cv-01200-GAF    Document 17    Filed 03/03/06    Page 2 of 5

Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n. 13 (8th Cir. 1978). In addition, the Court must "resolve all doubts about federal jurisdiction in favor of remand." Transit Casualty Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

**III.    Analysis**

In this case, Defendants assert that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, which provides jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of different states." (Doc. #1). A case falls within a federal court's diversity jurisdiction only if the diversity of citizenship is complete, which means that no plaintiff and no defendant may be citizens of the same state. Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).

In this case, McDonald and Madrid are both Missouri citizens. The Eighth Circuit has emphasized that where, as here, a plaintiff "has joined a non-diverse party as a defendant in its state case, the petitioner may avoid remand–in the absence of a substantial federal question–only by demonstrating that the non-diverse party was fraudulently joined.[2]" Filla, 336 F.3d at 809 *citing* Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002). Defendants' burden of establishing that Madrid was fraudulently joined is very high–Defendants must show that "applicable state precedent precludes the existence of a cause of action against a defendant..." Id. at 810. If there is a "colorable cause of action," meaning that state law might impose liability on the resident defendant under the facts alleged, then there is no fraudulent joinder

---

[2]The Eighth Circuit has defined fraudulent joinder as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003).

3

and the federal court cannot exercise jurisdiction. Id. In making such a prediction, this Court should resolve all facts and ambiguities in the current controlling substantive law in McDonald's favor. *See* Id. at 811. However, federal courts have "no responsibility to *definitively* settle ambiguous questions of state law." Id. (emphasis in original).

In this case, Defendants' argue that Madrid is fraudulently joined because McDonald's battery claim against him is preempted by the Worker's Compensation Act. (Doc. #10-1). The Worker's Compensation Act provides the exclusive remedy for an injured employee against his or her employer for injuries covered by its provisions. State ex rel. Taylor v. Wallace, 73 S.W.3d 620, 621 (Mo. banc 2002). However, Missouri Courts have held on numerous occasions that "the existence of a remedy against an employer, under the Worker's Compensation Act, would not bar a suit against a co-employee for an intentional tort." Hill v. John Chezik Imports, 797 S.W.2d 528, 531 (Mo. App. E.D. 1990) *quoting* Hollrah v. Friedrich, 634 S.W.2d 221, 223 (Mo. App. E.D. 1982); *Accord* Yount v. Davis, 846 S.W.2d 780, 783 (Mo. App. S.D. 1993); Russell v. City of Overland Police Dept., 838 F.Supp. 1350, 1353 (E.D. Mo. 1993).

In Hill, a sexual harassment case, the plaintiff proceeded exactly as McDonald has proceeded here. She filed claims under the Missouri Human Rights Act against her employer and a claim for negligent and/or intentional infliction of emotional distress against an individual co-employee. Hill, 797 S.W.2d at 530. The co-employee moved to dismiss the tort claims filed against him, making the same preemption argument advanced by the Defendants in the instant case. Id. at 531. The Missouri Court of Appeals rejected the defendant's argument and specifically held that the Worker's Compensation Act does not bar suits against co-employees for intentional torts. Id.

4

Missouri case law clearly provides more than a "reasonable basis for predicting that the state law might impose liability based on the facts involved." Filla, 336 F.3d at 811. Defendants have failed to meet their burden of demonstrating that Madrid was fraudulently joined and, because McDonald and Madrid are both citizens of Missouri, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

## CONCLUSION

The Court clearly lacks subject matter jurisdiction in this case because complete diversity of citizenship is lacking between McDonald and Madrid. Missouri courts have repeatedly held that McDonald is entitled to assert a claim for battery against Madrid and, therefore, Defendants have not demonstrated that Madrid was fraudulently joined in an attempt to keep this case out of federal court. Accordingly, McDonald's Motion to Remand is GRANTED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: **March 3, 2006**